

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *RACHAEL A. HONIG*<br>*Acting United States Attorney*<br><br>*DIANA VONDRA CARRIG*<br>*SARA ALIYA ALIABADI*<br>*Assistant United States Attorneys* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*<br>*401 Market Street, 4th Floor*<br>*Post Office Box 2098*<br>*Camden New Jersey 08102* | *856.757.5026*<br>*Fax: 856.968.4917*<br>*diana.carrig@usdoj.gov* |

November 18, 2021

Via Email MJampol@ebglaw.com
Melissa L. Jampol, Esquire
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022

Crim. No. 23-141 (SDW)

     Re:  <u>Plea Agreement with Dr. Joel Lerner</u>

Dear Ms. Jampol:

This letter sets forth the plea agreement between your client, Dr. Joel Lerner, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed agreement must be received by this office no later than the close of business on **Tuesday, November 30, 2021**. If an executed agreement is not returned to this Office by that date, this offer will expire.

<u>CHARGE</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dr. Joel Lerner to a one-count Information that charges him with the resale of prescription drugs purchased by a healthcare entity, contrary to 21 U.S.C. § 353(c)(3)(A) and in violation of 21 U.S.C. §§ 331(t) & 333(a)(2).

If Dr. Joel Lerner enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dr. Joel Lerner for his participation in a scheme beginning in or around December 2014 and continuing through in or around November 2018, which diverted tens of millions of dollars of oncology and ophthalmology drugs from the ordinary distribution chain by fraud and deception, including by using his medical license to purchase such drugs and then immediately transferring and selling them to other entities which were not permitted to buy such drugs for further redistribution; his obtaining of discounted pricing for such drugs by fraud and deception; his unauthorized sale of prescription drugs that had been previously purchased by a health care entity; and his trafficking in pre-retail medical products obtained by fraud and deception.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dr. Joel Lerner agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dr. Joel Lerner may be commenced against him, notwithstanding the expiration of the limitations period after Dr. Joel Lerner signs the agreement.

SENTENCING

The violation of 21 U.S.C. §§ 331(t) & 333(a)(2) to which Dr. Joel Lerner agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine of $10,000.  Any fine imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dr. Joel Lerner is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dr. Joel Lerner ultimately will receive.

Further, in addition to imposing any other penalty on Dr. Joel Lerner, the sentencing judge:

(1) will order Dr. Joel Lerner to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dr. Joel Lerner to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Dr. Joel Lerner, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and

(4) pursuant to 18 U.S.C. § 3583, may require Dr. Joel Lerner to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed.  Should Dr. Joel Lerner be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dr. Joel Lerner may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Dr. Joel Lerner agrees to make full restitution for all losses resulting from the offense of conviction and from the schemes, conspiracies, or patterns of criminal activity underlying such offense.

- 2 -

RIGHTS OF THIS OFFICE REGARDING SENTENCING

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dr. Joel Lerner by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dr. Joel Lerner's activities and relevant conduct with respect to this case.

STIPULATIONS

This Office and Dr. Joel Lerner agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dr. Joel Lerner from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

WAIVER OF APPEAL AND POST-SENTENCING RIGHTS

As set forth in Schedule A, this Office and Dr. Joel Lerner waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

No provision of this agreement shall preclude Dr. Joel Lerner from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Dr. Joel Lerner received constitutionally ineffective assistance of counsel.

IMMIGRATION CONSEQUENCES

Dr. Joel Lerner understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dr. Joel Lerner understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dr. Joel Lerner wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dr. Joel Lerner understands

that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Dr. Joel Lerner waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## OTHER PROVISIONS

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dr. Joel Lerner. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Dr. Joel Lerner.

## NO OTHER PROMISES

This agreement constitutes the plea agreement between Dr. Joel Lerner and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: DIANA VONDRA CARRIG
SARA ALIYA ALIABADI
Assistant U.S. Attorneys

APPROVED:

ANDREW CAREY
Deputy U.S. Attorney

- 4 -

I have received this letter from my attorney, Melissa L. Jampol, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Date: 11/19/21

DR. JOEL LERNER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: 11/25/21

MELISSA L. JAMPOL, ESQUIRE

Plea Agreement with Dr. Joel Lerner

Schedule A

1. This Office and Dr. Joel Lerner recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Dr. Joel Lerner nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3. The applicable guideline for the violation of 21 U.S.C. § 331(t) charged in the Information is U.S.S.G. § 2N2.1 because the violation involved pharmaceutical drug products.

4. Because the offense involved fraud, the governing section of the United States Sentencing Guidelines is U.S.S.G. § 2B1.1.  *See* U.S.S.G. §§ 2N2.1(c)(1), 1B1.5(a).

5.  Because the defendant was not convicted of an offense specifically referenced to U.S.S.G. § 2B1.1, and the offense of conviction has a statutory maximum term of imprisonment of three years, the base offense level is 6.  *See* U.S.S.G. § 2B1.1(a)(2).

6. Specific Offense Characteristic § 2B1.1(b)(1)(C) applies because: (1) the amount of loss caused by Dr. Joel Lerner cannot reasonably be determined; and (2) the amount of the gain attributable to Dr. Joel Lerner as a result of the scheme is more than $15,000 but less than $40,000.  This Specific Offense Characteristic results in an increase of 4 levels.

7. Specific Offense Characteristic § 2B1.1(b)(8)(A) applies because the offense involved conduct described in 18 U.S.C. § 670, that is, the obtaining by fraud or deception of a pre-retail medical product, using any means of interstate commerce. This Specific Offense Characteristic results in an increase of 2 levels.

8. Specific Offense Characteristic § 2B1.1(b)(2)(10)(C) applies because the offense involved sophisticated means. Specifically, the defendant and his co-conspirators engaged in the unauthorized purchase and sale of millions of dollars of oncology drugs, which they then redistributed for profit outside the manufacturers' limited distribution channels. The manufacturers kept tight controls over the distribution channels for several reasons, including to ensure an adequate supply to cancer patients and also to ensure the safety and efficacy of these drugs, the majority of which were "cold-chain" infusion drugs, which required transportation and storage within certain temperature ranges. To obscure their unauthorized purchases, the defendant and his co-conspirators created false and fraudulent invoices and transaction histories and also used multiple entities, including doctor's offices, pharmacies and licensed wholesaler distributors, to transfer the drugs before ultimately selling them to their customers.  This Specific Offense Characteristic results in an increase of 2 levels.

9. An upward adjustment pursuant to U.S.S.G. § 3B1.3 applies because the defendant abused a position of public and private trust and used a special skill in a manner that significantly facilitated the commission of the offense by abusing his position as a physician and his ability to order and prescribe controlled drugs. This upward adjustment results in an increase of 2 levels.

## Acceptance of Responsibility

10. As of the date of this letter, Dr. Joel Lerner has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dr. Joel Lerner's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Dr. Joel Lerner has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dr. Joel Lerner's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dr. Joel Lerner enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Dr. Joel Lerner's acceptance of responsibility has continued through the date of sentencing and Dr. Joel Lerner therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dr. Joel Lerner's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

## Total Offense Level

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dr. Joel Lerner is 13 (the "agreed total Guidelines offense level").

## No Other Departures/Adjustments

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Dr. Joel Lerner reserves the right to argue for a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a) at Step 3 of the sentencing process. The Government reserves the right to oppose such argument.

## Waiver of Appeal & Collateral Attack

14. Dr. Joel Lerner knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.